UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION



JOSEPH ANTHONY REYNA,

a/k/a "JoeCat®,"

Plaintiff,

v.

X CORP.,

d/b/a "X" (f/k/a Twitter, Inc.),

Defendant.

Civil Action No. **4-26CV-107-0**

---

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*(Record Existence, Preservation, and Identity Attribution)*

---

## I. INTRODUCTION

This action concerns whether Defendant X Corp. operates creator monetization and eligibility systems that alter a creator's commercial status without generating, retaining, or producing any authoritative decision record capable of notice, appeal, or review.

Plaintiff does not challenge content moderation, political speech, or viewpoint-based decisions. Plaintiff does not seek damages for speech restriction. Plaintiff does not ask the Court to regulate algorithms, ranking models, or recommendation systems.

Plaintiff seeks narrow declaratory and injunctive relief limited to:

(a) whether monetization and eligibility state transitions applied to Plaintiff's account correspond to authoritative decision records;

(b) whether Plaintiff's federally registered trademark JOECAT® is treated as a commercial source identifier rather than a mutable display string in monetization and payout systems; and

(c) preservation of short-retention electronic records necessary to determine Plaintiff's eligibility, payouts, and appeal rights.

Plaintiff has suffered concrete economic injury from monetization pauses and payout interference. That injury is ledger-addressable, traceable to Defendant's systems, ongoing, and affects Plaintiff's ability to conduct business in interstate commerce.

The absence of authoritative records prevents Plaintiff from determining whether any forum—judicial or otherwise—can adjudicate his rights, rendering those rights practically unenforceable and risking permanent spoliation of decisive evidence.

2

Plaintiff alleges no constitutional violation and seeks no relief under the Constitution. This action arises solely from Defendant's operation of commercial systems governing money, identity, and recordkeeping in interstate commerce.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 2201–2202.

This action arises under federal law because it seeks declaratory and injunctive relief concerning (i) the operation and preservation of electronic records governed by federal procedural and evidentiary standards, and (ii) the treatment of a federally registered trademark in interstate commercial systems.

Venue is proper in this District under 28 U.S.C. § 1391 because:

(a) Plaintiff resides and conducts business in Texas;

(b) Plaintiff's monetization-related economic injury was suffered in Texas; and

(c) Defendant conducts substantial business in this District.

## III. PARTIES

Plaintiff Joseph Anthony Reyna (a/k/a "JoeCat®") is a paid creator on X and the owner of the federally registered trademark JOECAT®, used in commerce in connection with creative and entertainment services.

3

Defendant X Corp. is a Delaware corporation operating the X platform, including its creator monetization, eligibility, verification, appeal, and payout systems.

## IV. FACTUAL ALLEGATIONS

### A. Monetization Pauses and Economic Injury

On March 26, 2025, Plaintiff received an email from X Monetization stating that Plaintiff's account "JoeCat® (@JoeCattt)" was paused for creator revenue sharing, citing a suspected breach and listing the "cause" as a lapsed Premium or Verified subscription.

On August 14, 2025, Plaintiff received a second monetization-pause email containing materially identical language.

These pauses resulted in loss of eligible impressions and creator payouts. The injury is concrete, measurable, and ledger-addressable through Defendant's monetization and payout systems.

### B. Appeal Without a Decision Artifact

Plaintiff submitted a creator revenue-sharing appeal identified as CREATOR-115018.

On December 28, 2025, X Support responded with a generic eligibility checklist but did not identify:

4

(a) which eligibility criterion Plaintiff allegedly failed;

(b) the data source relied upon;

(c) any timestamped eligibility determination; or

(d) any appeal resolution record.

On December 29, 2025, Plaintiff requested clarification of the precise eligibility failure, subscription status fields, reason codes, and timestamps. Defendant did not respond.

To date, Defendant has produced no authoritative eligibility decision record, audit log, or appeal disposition artifact for Plaintiff's account.

---

## C. Trademark as Source Identifier

Plaintiff's mark JOECAT® is federally registered and functions as a commercial source identifier, not merely a display name.

Defendant accepts trademark information for impersonation and brand-protection enforcement, demonstrating that trademark identifiers exist as structured data within Defendant's systems.

Defendant's monetization and payout systems nevertheless appear to process Plaintiff's identity as a mutable text string rather than as a canonical identity object bound to the trademark.

If trademark status were treated as a binding source identifier in monetization and payout routing systems, a canonical identity reference would necessarily exist upstream of eligibility and payout decisions.

5

Defendant has produced no evidence that such an identity object exists or was consulted.

---

### D. Absence of Records as the Injury

Eligibility state transitions—whether automated or manual—directly control payout eligibility and constitute commercial acts attributable to Defendant as system operator and commercial beneficiary.

If such transitions occurred, authoritative records must exist. If no records exist, Plaintiff is deprived of notice, appeal, and redress, and decisive evidence risks permanent deletion.

The absence of authoritative records itself constitutes ongoing harm and creates an actual, redressable controversy.

---

## V. CLAIMS FOR RELIEF

### COUNT I — Declaratory Relief

*(28 U.S.C. § 2201)*

An actual controversy exists concerning whether Defendant:

(a) generates and retains eligibility and monetization state records applied to Plaintiff's account;

(b) treats Plaintiff's trademark as a commercial source identifier in monetization and payout

systems; and

(c) preserves appeal and audit artifacts for a reasonable period.

Absent a declaration regarding the existence and retention of such records, Plaintiff cannot determine whether any forum can adjudicate his claims, rendering his legal rights practically unenforceable.

Plaintiff seeks a declaration that:

(a) monetization and eligibility state transitions applied to Plaintiff's account must correspond to authoritative decision records;

(b) such records must be retained for a reasonable period; and

(c) trademark-identified creators cannot be processed solely as display strings without corresponding authoritative identity records for revenue eligibility and routing.

## COUNT II — Injunctive Relief

*(Record Preservation)*

Plaintiff faces imminent risk of irreparable harm through routine deletion, overwriting, or non-retention of eligibility, monetization, and appeal records.

Plaintiff seeks a narrowly tailored injunction requiring Defendant to preserve, to the extent such records exist or would exist in the ordinary course absent routine deletion or overwriting, the following as they relate to Plaintiff's account identifier:

7

(a) eligibility_state records;

(b) monetization and payout ledgers;

(c) appeal resolution artifacts;

(d) deletion or tombstone logs; and

(e) applicable retention schedules.

Plaintiff does not seek algorithms, model weights, ranking logic, or global system data.

---

## VI. ARBITRATION AND CONTRACTUAL CLARIFICATION

Plaintiff does not seek interpretation, enforcement, or invalidation of Defendant's Terms of Service.

This action seeks no merits adjudication and no contract enforcement, but only judicial confirmation of record existence and preservation antecedent to any potential dispute.

The existence and preservation of eligibility and payout records are antecedent threshold issues and must be determined by this Court.

---

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter declaratory judgment consistent with Count I;

B. Enter narrowly tailored injunctive relief consistent with Count II;

8

C. Order Defendant to identify whether authoritative eligibility and monetization decision records exist for Plaintiff's account; and

D. Grant such further relief as the Court deems just and proper.

---

## VIII. VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2026, in Texas.

/s/ Joseph Anthony Reyna

Joseph Anthony Reyna (JOECAT®)

Plaintiff, Pro Se

Austin, Texas

whitehat@joecattt.com



## EXHIBIT INDEX

*(Public, Non-Privileged Sources — Record-Building / Notice / Preservation Only)*

**Exhibit A** — Public Admission of Distinct "Creator Eligibility" and "Payout" Systems

**Exhibit B** — Payments Risk Operations Role Covering Creator Monetization

**Exhibit C** — Integrity and Originality as Monetization-Adjacent Gates

**Exhibit D** — Trademark and Impersonation Enforcement as Separate Tooling

**Exhibit E** — High-Level Monetization Eligibility Framework Without Audit Artifacts

**Exhibit F** — xAI Terms of Service (Forum Selection / Venue)

**Exhibit G** — Public Interview Admissions re Velocity, Documentation, and System-of-Record Drift

**Exhibit H** — Synthesis: Fragmented Eligibility, Enforcement, and Monetization Systems

**Exhibit I** — Absence of Public Eligibility Decision Ledger

**ADDENDUM**

**Public Record Supporting Preservation and Audit Risk**

https://www.youtube.com/watch?v=8jN60eJr4Ps

*(Non-Argumentative; Notice Only)*

**Source Identified:**
Public interview titled *"WTF is happening at xAI"* published on the **Relentless** YouTube channel, featuring statements by xAI personnel describing internal engineering and operational practices.

**Method of Preservation:**
Petitioner has preserved a contemporaneous transcript copy and timestamped excerpts. Retrieval date and source URL are available upon request and can be authenticated by sworn declaration if required.

---

**Purpose of Addendum**

This Addendum is submitted solely to provide **public, non-privileged notice** that:

1. High-velocity deployment practices,

2. Minimal documentation norms, and

3. Acknowledged system-of-record drift

are **foreseeable and admitted operational conditions**, increasing the risk that short-retention logs, eligibility state transitions, and identity/routing artifacts may be overwritten or unavailable absent prompt preservation.

This Addendum does **not** allege intent, misconduct, or policy violations. It is offered only to support the necessity and proportionality of preservation-focused motions.

---

**Relevant Public Statements (Excerpted)**

**1. Immediate Production Access Without Formal Onboarding or State Definition**

"My first day they just gave me a laptop and a badge and I was like okay now what? I don't even have a team. I've not been told what to do."

**Relevance:**
Supports the inference that systems affecting production may be accessed or modified before

11

formal role scoping or documentation is complete. This increases the likelihood that **eligibility or routing states may change without contemporaneous, attributable decision artifacts**.

**Supports:** Preservation necessity; Phase 1 (Undocumented State Transitions).
**Falsified by:** Production of immutable change-control records tying eligibility or identity changes to documented approvals.

---

### 2. Live Training and Deployment Without Traditional Gating

"Tyler took this bet with Elon like get a Cybertruck tonight if you can get a training run on these GPUs in 24 hours… and we were training that night."

**Relevance:**
Demonstrates rapid deployment and live system changes under compressed timelines. Such velocity materially increases the risk that **state changes occur without durable logs or user-visible records**, particularly in monetization or eligibility systems downstream.

**Supports:** Preservation urgency; Phase 4 (Time as Diagnostic Instrument).
**Falsified by:** Evidence that all deployment-adjacent state changes are automatically logged, retained, and user-queryable.

---

### 3. Explicit Absence of Process-Level "No" Gates

"What's the most fun thing about working there? No one tells me no."

**Relevance:**
Indicates an environment where formal review, denial artifacts, or recorded decision points may be bypassed in favor of speed. This supports the risk that **"no decision" or silent state transitions** are an expected operational outcome.

**Supports:** Phase 5 ("No Decision" as Optimization).
**Falsified by:** Mandatory denial or decision artifacts generated for every eligibility-affecting action.

---

### 4. Known Mismatch Between Documentation and Live Systems

"Our integrations with X were spinning up at the time… our internal tracking systems were not really correct."

**Relevance:**
An admission that documentation and system-of-record accuracy lagged behind live integrations.

This materially supports the claim that **eligibility, identity, or routing records may exist in fragmented or inconsistent systems**, or may not exist at all.

**Supports:** Phase 3 (Ownership Failure); Preservation risk.
**Falsified by:** Identification of a single authoritative system-of-record governing eligibility and routing with retention guarantees.

---

### 5. Ad Hoc Expansion of System Scope

"Ask Grok was spinning up at the time... they're like can you help? And I was like yes."

**Relevance:**
Supports the inference that system scope expands dynamically, often across organizational or functional boundaries. This increases the probability that **vendor seams, async scoring, or cross-system eligibility effects occur without centralized ownership**.

**Supports:** Phase 3.5 (No Single Owner).
**Falsified by:** Evidence of centralized eligibility ownership with documented interfaces to all dependent systems.

---

### Procedural Relevance to Pending and Anticipated Motions

These public statements collectively support the following **narrow procedural propositions**:

1. **Preservation is time-sensitive** because ordinary-course operations include rapid deployment, minimal documentation, and acknowledged system drift.

2. **Absence of records is foreseeable**, not exceptional, making prompt litigation holds and retention suspensions proportionate.

3. **User-facing silence does not imply inactivity**, as state changes may occur without notice artifacts.

This Addendum is therefore relevant to motions seeking:

- Preservation orders,

- Expedited handling of retention-sensitive ESI,

- Narrow discovery limited to identifying authoritative systems-of-record and existing eligibility/identity artifacts.

13

**Limitation**

This Addendum does **not** argue merits, intent, causation, or liability.
It is offered solely as **public notice of operational conditions** that bear on preservation, auditability, and proportionality.

## NOTE REGARDING RESERVED PUBLIC SOURCE AND OFFLINE PRESERVATION

The public interview referenced in this Addendum, titled **"WTF is happening at xAI"** (Relentless YouTube channel), is cited solely as a publicly available, non-privileged source supporting preservation and audit-risk considerations.

Petitioner hereby gives notice that:

1.  A contemporaneous copy of the video and a timestamped transcript excerpt have been **preserved offline** in the ordinary course of record-building.

2.  The source is **reserved** and intentionally not reproduced in full in this filing to avoid unnecessary duplication, fair-use disputes, or evidentiary clutter.

3.  The preserved materials can be produced to the Court **in camera**, under protective order, or by sworn declaration **if and when requested**.

4.  The absence of full attachment does not reflect unavailability; it reflects **intentional restraint and proportionality**.

This notice is provided solely to establish preservation, authenticity readiness, and retrieval capability. No adverse inference is sought or implied by the reservation of the source at this stage.

Respectfully submitted,

/s/ Joseph Anthony Reyna
Joseph Anthony Reyna (JOECAT®)
Plaintiff, Pro Se
Austin, Texas
Date: January 30, 2026

**CERTIFICATE OF SERVICE**

I certify that on **January 30, 2026**, a true and correct copy of the foregoing **Verified Complaint for Declaratory and Injunctive Relief (Record Existence, Preservation, and Identity Attribution)**, together with all attached exhibits and addendum, was served as follows:

**Court Service**

By deposit in the United States Mail, sent via **USPS nonprofit mail**, properly addressed to:

Clerk of the Court

United States District Court

Northern District of Texas

Fort Worth Division

501 West 10th Street, Room 101

Fort Worth, Texas 76102

*Courtesy Notice to Defendant*

By deposit in the United States Mail, sent via **USPS nonprofit mail**, addressed to:

X Corp.

c/o CT Corporation System, Registered Agent

1999 Bryan Street, Suite 900

Dallas, Texas 75201

X Corp.

865 FM 1209

Bastrop, Texas 78602

Additionally, a courtesy copy was transmitted by electronic mail to:

**legal@twitter.com**

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Texas.

/s/ Joseph Anthony Reyna

Joseph Anthony Reyna (JOECAT®)

Plaintiff, Pro Se

Austin, TX 78731

whitehat@joecattt.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Joseph Anthony Reyna (a/k/a " JoeCat®") | X Corp. (d/b/a "X", f/k/a Twitter, Inc.) |

**(b)** County of Residence of First Listed Plaintiff   Travis County, Texas     County of Residence of First Listed Defendant _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*                    *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED
FEB - 2 2026
CLERK U.S. DISTRICT COURT

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(Pro Se)

Attorneys *(If Known)*

4-26CV-107-O

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &      Pharmaceutical      Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |      Liability    ☐ 368 Asbestos Personal      Injury Product ☐ 340 Marine      Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product      Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending      Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |      Injury    ☐ 385 Property Damage ☐ 362 Personal Injury -      Product Liability      Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate      Sentence | |      26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Accommodations ☐ 530 General | | |      Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |      Employment    **Other:** ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other      Other    ☐ 550 Civil Rights ☐ 448 Education    ☐ 555 Prison Condition          ☐ 560 Civil Detainee -          Conditions of          Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 2201 — 2202
Brief description of cause:
Declaratory and injunctive relief concerning monetization and eligibility records.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____    DOCKET NUMBER _____

DATE
01/30/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph Anthony Reyna

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Dreams Over Dollars
5900 Balcones Dr. #16077
Austin, Texas 78731



RECEIVED

FEB - 2 2026

3:32 PM

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



Clerk of Court / Pro Se Intake
United States District Court
Northern District of Texas -- Fort Worth Division
Eldon B. Mahon U.S. Courthouse
501 West 10th Street, Room 106
Fort Worth, Texas 76102

Nonprofit Organization -