**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSEPH ANTHONY REYNA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00107-O-BP** |
| | § | |
| **X CORP.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On February 2, 2026, Plaintiff Joseph Reyna, proceeding *pro se*, filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. *See* ECF Nos. 1, 10.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Joseph Reyna ("Plaintiff") is the plaintiff. Plaintiff names "X. Corp" as the sole Defendant.

C.    LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. After reviewing Plaintiff's IFP application and supporting affidavit, the Court granted Plaintiff's motion to proceed IFP. ECF No. 14. By Order dated March 23, 2026, the Court

concluded that service of process in this case was now appropriate, and it directed the Clerk to send Plaintiff the requisite summons and USM-285 forms. ECF No. 16. The Court ordered Plaintiff to complete the forms and return them to the Clerk on or before April 14, 2026. *Id.* At the time, the Court explicitly warned Plaintiff that his failure to timely comply with its order may result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Here, the deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure his outstanding filing deficiency. Because Plaintiff has not complied with the Court's order, or otherwise demonstrate a willingness to prosecute his case, this case is subject to dismissal for failure to comply with a Court order and for lack of prosecution under Rule 41(b).

<u>RECOMMENDATION</u>

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's complaint for lack of prosecution or failure to obey a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge

need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on April 20, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE